Turley, J.
delivered the opinion of the court.
This is an action of covenant brought against the defendants upon a bond executed by them to William Carroll, then the Governor of the State, as sureties of Isaac Mayfield, the coroner of Giles county, conditioned for the faithful and legal performance of his duties as such officer, and by which it is sought to charge them, as such sureties, for the neglect and default of the said coroner, in the execution of a writ of fieri facias issued ' from the circuit court of Giles county against Thomas C. Porter and others, in favor of Sherril, (the person for *347 whose use this action is brought,) bearing test the 1st Monday in February, 1835, and 59th year of American Independence. This execution is directed to the sheriff of Giles county, but came to the hands of Isaac Mayfield, the coroner, who thereupon proceeded to a partial execution of the same, but failed to make full execution and return thereof; for which failure and neglect this suit is brought against the defendants upon the coroner’s bond.
It appears from the proof that Thomas C. Porter, the principal defendant in the execution, was in reality himself the sheriff of Giles county, and therefore the execution should have been directed to the coroner of the county instead of the sheriff. But it is contended that though this be so, still, in as much as the execution was directed to the sheriff and not to the coroner, it constituted no authority for the action of the coroner, and would have been no protection to him in seizing the property of the defendants in the execution, and that in so doing he would have been a trespasser liable to action on the part of the defendants.
Upon this point, the circuit judge charged the jury, "‘that the execution in favor of Sherril, if directed to the sheriff instead of the coroner, gave the coroner no authority to act under it, and that, if so-directed, any action by the coroner under it would be void.”
Under this charge the jury returned a verdict for the defendants, upon which there was judgment, and which we are now asked to reverse.
We are well satisfied that the charge of the circuit judge upon this point in controversy is correct, and that there is no error for which the judgment should be reversed.
*348 The proposition that no one but he to whom legal process is directed, or, his duly constituted deputy, can execute it, is, in oúr judgment, very clear, both upon principle and authority.
Officers are appointed by law for the execution of process issued by the tribunals of justice; to avoid oppression and a tyrannical a,buse of power, they are not authorized (with the exception of a few given cases no necessary to be specified here) to arrest the person of a citizen or to seize his effects, without authority, in the shape of legal process directed to them, commanding them so to do.
This process is a written power, vesting in him to whom it is addressed the authority to do the act therein commanded; but upon no.legal principle can it be held to vest this power in one to whom it is not directed : as to him it is as a blank piece of paper, giving him no authority to execute its mandates, and furnishing him no protection if he undertake to do so. Indeed, we do not see how this proposition can be made plainer by argument; it is impossible for us to comprehend how an authority directed to one can be made to protect another for doing that which he could not have done legally without authority.
The adjudged cases upon this proposition are as satisfactory as the principle upon which we think it rests. See Watson on sheriff, 7th Law Libr. 37, 38; 2d Dev. and Batt. Law Rep. 91; 4th do 489; 1st Stewart’s Alb. Rep, 375; 6th Yer. Rep. 61.
We therefore think there has been no error committed in this case in the court below, and affirm the judgment.